# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

SOURCE NETWORK SALES &   §
MARKETING, LLC d/b/a LIFESMART,   §
  §
    Plaintiff,   §
  §
v.   §   CIVIL ACTION NO. 3:16-CV-1202-B
  §
JIANGSU MEGA MOTOR COMPANY,   §
  §
    Defendant.   §

## MEMORANDUM OPINION AND ORDER

Before the Court are Motions to Dismiss for Lack of Personal Jurisdiction filed by Brilliant Home Corp and Xia Lin. Docs. 47, 48. For the reasons that follow, the Court **GRANTS** their motions, and **DISMISSES** Plaintiff's claims against them.

Plaintiffs bear the burden of establishing personal jurisdiction. *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). To meet this burden, the plaintiff must make only a prima facie showing. *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 342–43 (5th Cir. 2004). In establishing personal jurisdiction for nonresidents, Plaintiffs must show that (1) the nonresident is amenable to service of process under Texas's long-arm statute and that (2) the assertion of jurisdiction over the nonresident comports with the Due Process Clause of the United States Constitution. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). Because Texas's long-arm statute has been held to extend to the limits of due process, the Court need only determine whether jurisdiction over the defendant is constitutionally permissible. *Id.* at 1067–68. To meet the federal constitutional test of due process, two elements must be satisfied: (1)

the defendant must have purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state such that it would reasonably anticipate being haled into court there; and (2) the exercise of jurisdiction over the defendant must not offend traditional notions of fair play and substantial justice. *Id.* at 1068.

Brilliant and Lin do not reside in Texas and have established that they are not subject to this Court's jurisdiction because they lack minimum contacts with Texas. Brilliant was created in April 2016 and dissolved about a month later. Doc. 48, Brilliant's Mot. to Dismiss, 5. During that month, Brilliant's only act of business was hosting an exhibit at a trade show in Las Vegas, Nevada. *Id.* Brilliant has never done business in Texas, contracted with a Texas entity, or sold a product in Texas. *Id.* Lin has been to Texas twice, but for reasons unrelated to Plaintiff's suit. Doc. 47, Lin's Mot. to Dismiss, 3–4. Plaintiff has not responded to the motions and the time to do so has well passed.

Accordingly, the Court **GRANTS** Brilliant and Lin's motions, Docs. 47, 48, and **DISMISSES** Plaintiff's claims against them. Brilliant and Lin are therefore no longer parties to this case.

SO ORDERED.

SIGNED: October 20, 2017.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE